The People v. Fralick.

if given, it was not in terms a mere collateral security for the large note.

On what ground the small note can be said to be usurious, it is difficult to see. Taking the particular facts most strongly against the defendant, they are that he had agreed to relinquish fifty dollars of an honest debt without receiving any real value for the relinquishment. Then, by pressing the plaintiff and threatening to sue him for another debt equally honest, he terrified him into a note for the $50 agreed to be given up. True it was brought about by forbearance on the $600 note for the money lent. Had the plaintiff been able to pay that and avoid costs, the small note would not have been given. But this was not claimed as a compensation for the delay. It was claimed as a debt still due in conscience and morality, if not in law. It was undoubtedly due in one or the other view; and I think the justice was authorized to say in both. The note is spoken of as having been oppressively obtained. The particulars already detailed constitute all the oppression there is in the case. The creditor threatens the debtor that if he will not give him a note for one honest debt, he will sue him for another.

On the whole, we think the common pleas were right in affirming the jugment of the justice.

Judgment affirmed.

THE PEOPLE *vs.* FRALICK.

A man entered a flouring mill through an open window without sash, crossed a floor, went up a ladder and raised a trap door not fastened, and then stole some flour. *Held*, not burglary, either at common law or under the revised statutes ; it was merely a larceny.

CERTIORARI from Oswego general sessions. The prisoner, in the night time, entered the flouring mill of Mr. Bumpus in Pulaski, Oswego, and stole flour. The entry was through an *open window* without sash ; whence the prisoner crossed a floor, went up a ladder and raised a *trap door, not fastened.*

This door let him into the room where the flour was. The court charged that this was burglary. Exception. The pri-soner was found guilty of burglary. Sentence suspended.

*By the Court,* COWEN, J.   At common law, burglary, in respect to private property, could be committed of a dwelling house only.   As to this, the breaking might be of the outside, or, after entry by an open door or window, it might be of an inner door. (4 Bl. Com., 224; 1 Hal. P. C., 553.) The 2d R. S., 668, § 14, also makes the breaking of an inner door sufficient; but this too is confined to a dwelling house; and it is the only case in the statute where, after such entry, the breaking of an inner door is declared sufficient to constitute the crime.   Section 20, moreover, declares that the breaking of the inner door of *any house,* by any person *being therein,* shall not be deemed such a breaking of a dwelling house, as to constitute burglary, in any case other than such as are therein particularly specified.   The entering and breaking of any building, not a dwelling house in which valuable things are kept, is made a burglary by the 17th section; and on that only could a count for burglary in respect to a mill be sustained.   With that the common law concerning burglary has nothing to do.   The offence is created by the statute; and the breaking is, in its terms, an exterior one.   The breaking of an inner door is not mentioned as sufficient; nay, it is denied to be so by section 20. Admitting, therefore, that the raising of the trap door was a breaking, this was of an inner door, belonging to a building of which the breaking in from the outside is essential to the crime.

The crime proved in the court below constituted, therefore, a larceny merely; and the conviction under the count for burglary was wrong.

New trial granted.